IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DESIREE GESKY                                                                                    PLAINTIFF

vs.                                     Civil No. 2:10-cv-02184

MICHAEL J. ASTRUE                                                                            DEFENDANT
Commissioner, Social Security Administration

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Desiree Gesky ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.     Background:**

Plaintiff protectively filed her disability applications on February 13, 2008. (Tr. 10, 101-108). In her applications, Plaintiff alleged she was disabled due to anxiety, panic attacks, back problems, nerve damage from a cat bite, frequent migraines, and blurred vision. (Tr. 115). Plaintiff alleged an onset date of July 1, 2007. (Tr. 10, 115). These applications were denied initially and again on

reconsideration. (Tr. 58-61). Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 75-76, 78-97). An administrative hearing was held on September 10, 2009 in Hot Springs, Arkansas. (Tr. 19-57). At this administrative hearing, Plaintiff was present and was represented by counsel, Fred Caddell. *Id.* Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained her GED. (Tr. 24).

On October 9, 2009, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 10-17). In this decision, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 1, 2007, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: lower back strain and anxiety. (Tr. 12, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-17, Finding 5). First, the ALJ found Plaintiff's subjective allegations were not supported by the overall evidence and were not fully credible. *Id.* Second, the ALJ found Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has no exertional limitations. (20 CFR 404.1567(b) and 416.967(b)) and can perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, involves few variables, requires little independent judgment, and the supervision required is simple, direct and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff's PRW included work as a stocker. (Tr. 17, Finding 6). Based upon her RFC, the ALJ determined Plaintiff would be able to perform this PRW as a stocker. *Id.* The ALJ then found Plaintiff had not been under a disability, as defined by the Act, from July 1, 207 through the date of his decision or through October 9, 2009. (Tr. 17, Finding 7).

On October 12, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On October 29, 2010, the Appeals Council declined to review this disability determination. (Tr. 1-3). On December 1, 2010, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 10, 13. This case is now ready for decision.

**2.   Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In her appeal brief, Plaintiff raises the following three arguments for reversal: (A) the ALJ erred in assessing the opinions from her treating physician; (B) the ALJ erred in his Step Four analysis; and (C) the ALJ erred in evaluating her RFC. ECF No. 10. In response, Defendant argues the ALJ properly evaluated the opinions of Plaintiff's nurse practitioner, substantial evidence supports the ALJ's Step Four determination, and substantial evidence supports the ALJ's RFC finding. This Court will address each of Plaintiff's arguments for reversal.

   A.   **Treating Physician**

Plaintiff claims the ALJ erred in considering the opinions of her treating physician. ECF No. 10 at 7-10. Specifically, Plaintiff makes two claims regarding the opinions of her treating physician: (1) the ALJ did not give the proper weight to the medical source statement completed by Jeff Jones, ANP ("Adult Nurse Practitioner"); and (2) based upon the report from Mr. Jones, the ALJ erred by not ordering a consultative examination to assess her physical limitations. *Id.*

First, Plaintiff claims the ALJ did not give proper weight to the opinions of Jeffery Jones, ANP. *Id.* Mr. Jones noted Plaintiff had the following diagnoses: cervicalgia or neck pain, multiple arthritis, lower back pain, osteoarthritis of the shoulders, and bipolar affective disorder. (Tr. 280). Mr. Jones found Plaintiff had severe limitations due to these impairments. (Tr. 280-281). These limitations included: less than four hours of sitting, standing, and walking during an eight-hour day; lifting and carrying limited to ten pounds occasionally; no pushing and pulling with reference to the hands; and no squatting, crawling, climbing, reaching above head, stooping, crouching, or kneeling.

5

*Id.*

Plaintiff argues at length that the opinions of Mr. Jones in this medical source statement should be given substantial or controlling weight. ECF No. 10 at 7-10. Plaintiff is correct that certain medical source statements from a treating source may be entitled to controlling weight. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, in making this argument, Plaintiff has neglected to recognize that medical evidence must come from "acceptable medical sources." *See* 20 C.F.R. §§ 404.1513, 416.913. A "[l]icensed physician" is included as one such acceptable medical source, but nurse practitioner is not. *Id.* Thus, the opinions of Mr. Jones cannot "provide evidence to establish an impairment." *Id.* Accordingly, it was well within the ALJ's discretion to discount the opinions of Mr. Jones, and this Court finds no reversible error on this issue.

Second, in light of the opinions of Mr. Jones, Plaintiff claims the ALJ should have obtained a consultative examination to assess the extent of her physical limitations. ECF No. 10 at 7-10. Plaintiff claims such an examination was necessary because "the problems with the right dominant hand are well documented" and "there is nothing in the file to contradict" her complaints regarding her use of her right hand. *Id.*

Plaintiff complains of right hand problems which resulted from a cat bite to her hand. (Tr. 37-38). This cat bite occurred on May 16, 2007. (Tr. 167). Plaintiff did not allege a disability until July 1, 2007. (Tr. 10). It appears Plaintiff was able to work for at least two months even though she suffered from this cat bite. Even then, she was not fired from her job because of hand swelling or problems resulting from his cat bite but was, instead, fired because she failed a drug test. (Tr. 28-29). Thus, the ALJ did not err by failing to develop the record further on Plaintiff's reported right hand limitations. Indeed, even if the ALJ did err by failing to develop the record on this issue, Plaintiff still

has not shown she was prejudice by this failure. Accordingly, this case should not be remanded. *See Ellis v. Barnhart,* 392 F.3d 988, 994 (8th Cir. 2005) (requiring a showing that the ALJ's failure to fully develop the record resulted in prejudice to the claimant in order for the case to be remanded).

  **B.**  **Step Four Analysis**

  Plaintiff claims the ALJ erred at Step Four of the disability determination. ECF No. 10 at 10-12. Plaintiff claims the ALJ was required by SSR 82-62 to fully question her and develop the record regarding the physical and mental demands of her past work. *Id.* Plaintiff also argues that the ALJ "must also make explicit findings regarding the actual physical and mental demands of the claimant's past work." *Id.* Indeed, Plaintiff's argument primarily centers upon her claim that the ALJ was required to more fully evaluate her PRW. *Id.*

  In this case, the ALJ did fully evaluate Plaintiff's PRW. (Tr. 48-49). The ALJ provided the VE with the information from Plaintiff's work report which addressed the physical and mental requirements of her PRW as a stocker. (Tr. 48-49, 136). Based upon this work report, the VE found Plaintiff's PRW as a Wal-Mart stocker was an unskilled, medium exertional-level job. (Tr. 49). The VE also testified that this job was performed as it is generally performed in the national economy. *Id.* The ALJ then provided a hypothetical to the VE with all the limitations he found credible. (Tr. 50). Based upon the VE's response to that hypothetical question, the ALJ determined Plaintiff retained the capacity to perform her PRW. (Tr. 17, Finding 7). The ALJ's reliance upon the VE's response to a properly-phrased hypothetical is proper and provides substantial evidence to support the ALJ's Step Four determination. *See Wagner v. Astrue,* 499 F.3d 842, 853-54 (8th Cir. 2007) (affirming the ALJ's reliance on the VE's testimony at Step Four of the analysis). Thus, this Court finds this is not a basis for reversal.

### C.     RFC Determination

Plaintiff claims the ALJ erred in his RFC determination. ECF No. 10 at 12-18. Specifically, Plaintiff claims the following: (1) her hand limitations were not fully evaluated; (2) the ALJ erred in considering the medical records from Mr. Jones; and (3) Plaintiff's GAF score of 40-50 was not properly evaluated. *Id.* As noted above, the first two issues have already been addressed. Thus, this Court will only address the final issue related to Plaintiff's GAF score.

Plaintiff is correct that the consultative examiner found her to have a GAF score of 40-50. (Tr. 201). Such a GAF score does indicate "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). This was, however, just a one-time GAF assessment and does not demonstrate a history of low GAF scores. *See Jones v. Astrue,* 619 F.3d 963, 974 n.4 (8th Cir. 2010) (affirming the district court's decision to disregard a GAF score where the claimant did not provide a lengthy history of low GAF scores). Thus, this Court does not find this one-time low GAF score provides a basis for reversing and remanding this action. *See id.*

Indeed, the ALJ's decision to disregard some of the findings of this consultative examination is further bolstered by the fact that Plaintiff provided inconsistent statements regarding her drug use to the ALJ and this consulting examiner. Indeed, during the consultative examination on April 3, 2008, Plaintiff reported the following regarding her drug use:

> Claimant reports that she began using marijuana at the age of 15. She reports that she was smoking a 1/4 of an ounce daily until the age of 41. Claimant reports that at the age of 40 she began using a "line" of methamphetamine twice a month. She reports that she stopped at age

    41.  She reports that age 20 to 24 she would use 1 oz of cocaine per month and that she tried acid 3 times between the age of 17 and 19.

(Tr. 197).  Despite this reported drug use, Plaintiff testified during the administrative hearing on September 10, 2009 that she had never had a problem with illegal drugs.  (Tr. 30).  Thus, this Court finds the ALJ's decision to disregard this one-time GAF score of 40-50 is supported by substantial evidence in the record.

**4.**     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends that it be **AFFIRMED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

    ENTERED this 21st day of December, 2011.

                                                  /s/   Barry A. Bryant
                                                  HON. BARRY A. BRYANT
                                                  U.S. MAGISTRATE JUDGE